UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PETER WILLIAM JOHNSON,

Plaintiff,

v.

KIM SCHULLER, and
FRANCINA CARTER,

Defendants.

Civil No. 01-197 (JMR/FLN)

REPORT AND RECOMMENDATION

Plaintiff, a state prison inmate, commenced this action by filing a pleading entitled "Complaint For Violation of Civil Rights Under 42 U.S.C. section 1983." The matter is now before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted. It will therefore be recommended that the action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

I. BACKGROUND

Plaintiff is a prisoner at the Minnesota Correctional Facility in Lino Lakes, Minnesota, ("MCF-LL"). He is attempting to sue two individuals who apparently work in the

[1] Plaintiff's complaint was accompanied by an application for leave to proceed in forma pauperis, ("IFP"). However, he did not tender the initial partial filing fee that prisoner IFP applicants are required to pay pursuant to 28 U.S.C. § 1915(b)(1). That omission was called to Plaintiff's attention by the Court's order of February 9, 2001. (Docket No. 3.) Plaintiff has now paid the required fee, (in fact, he has paid the full $150 filing fee), and the matter is therefore ripe for screening pursuant to § 1915A.

MAR 1 2 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

prison's education department -- Defendants Francina Carter and Kim Schuller. Evidently, Plaintiff has been trying to earn a GED at MCF-LL, and the two named Defendants have been supervising his efforts.

Plaintiff claims that he has "documented" dyslexia, and that Defendants should have provided special assistance to him when he took a GED examination "during 1998-99." He specifically alleges that Defendant Carter "fails to allow a tutor to read the test questions to me to break down the meaning of the words as I take the [GED] test," and that Defendant Schuller "denied me a tutor in the actual testing which prevented me from having a tutor read the questions and break down the meanings of difficult words so I could comprehend + better understand the questions." No other facts are alleged in the complaint.

In his claim for relief, Plaintiff states:

> "I want to be rewarded $200,000.00 for my humiliation, emotional distress, time + effort applied since 1995, and the hinderance [sic] of achieving my G.E.D. (in violation of one of my civil rights... Civil Rights Act of 1973 (American Disability Act, a federal law)."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental employees, his pleading is subject to initial screening pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine

which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

Here, the action must be dismissed in its entirety, because Plaintiff has failed to state any legally cognizable claim against either of the named Defendants. Plaintiff's complaint is defective because he has not identified, (and the Court cannot independently discern), any legal theory that would entitle him to any relief based on the facts he has alleged.

The caption of Plaintiff's complaint suggests that he is seeking relief under 42 U.S.C. § 1983, for some alleged violation of his federal constitutional rights. See West v. Atkins, 487 U.S. 42, 48 (1988) (to state an actionable § 1983 claim, plaintiff must allege that defendant violated his constitutional rights while acting under color of state law). The complaint itself, however, does not allude to the Constitution, and the Court can find no indication that either of the Defendants violated any of Plaintiff's constitutional rights. Thus, the Court concludes that Plaintiff has failed to state any actionable § 1983 claim.

The Court has also considered Plaintiff's references to the "Civil Rights Act of 1973," and the "American Disability Act," but finds them to be of no help to Plaintiff's cause. The "Civil Rights Act of 1973" is not a commonly-used popular name for any particular statute. As far as the Court can tell, Plaintiff has used that name to refer to one or more federal statutes prohibiting employment related discrimination. However, Plaintiff's complaint does not suggest that he has suffered any discrimination relating to any employment, so his reference to the "Civil Rights Act of 1973" appears to be a non

sequitur.

When Plaintiff cited the "American Disability Act," he presumably meant the Americans With Disabilities Act or "ADA," (42 U.S.C. §§ 12101-12214). He apparently believes that Defendants had some duty, under the ADA, to accommodate his alleged disability (dyslexia) when he took his GED examination. However, individual government employees, such as Defendants, cannot be sued under the ADA. Alsbrook v. City of Maumelle, 184 F.3d 999, 1005, n. 8 (8th Cir. 1999) (en banc). Therefore, Plaintiff has no viable cause of action against Defendants based on the ADA.

Furthermore, all of Plaintiff's current claims are barred by 42 U.S.C. § 1997e(e), which provides that:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury, suffered while in custody, without a prior showing of physical injury."

Because Plaintiff is a prisoner seeking relief for "humiliation and emotional distress," unaccompanied by any physical injury, his claims are non-actionable pursuant to § 1997e(e).

## III. CONCLUSION

For all the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any cause of action on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Because Plaintiff has already paid the full $150 filing fee for this action, (and the action is to be dismissed in any event), it will be recommended that Plaintiff's IFP

application be denied as moot. Finally it will be recommended that the dismissal of this action be counted as a strike against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

2. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED AS MOOT**; and

3. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: March 9, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 3-27-01, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.